IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DR. SRINIVAS GARIMELLA, <br><br> Plaintiff, <br><br> v. <br><br> BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA; STATE OF GEORGIA; GEORGIA INSTITUTE OF TECHNOLOGY; PRESIDENT ANGEL CABRERA; DANETTE JOSLYN-GAUL; and JANE/JOHN DOES 1-3, <br><br> Defendants. | Civil Action No. 1:23-cv-05979-AT |

**DEFENDANTS' CONSOLIDATED
MOTION TO DISMISS IN LIEU OF ANSWER
WITH BRIEF IN SUPPORT**

COME NOW the Board of Regents of the University System of Georgia ("Regents"), the State of Georgia, the Georgia Institute of Technology ("Georgia Tech")[1], President Angel Cabrera ("Defendant Cabrera"), and Danette Joslyn-Gaul

---

[1] Georgia Tech is not a proper defendant to this lawsuit as it exists and operates solely as a unit of the Regents. *See* O.C.G.A. §§ 20-3-31 and 20-3-32; *see also* GA. CONST. 1983, art. VIII, § 4, ¶ 1(b); *McCafferty v. Medical College of Ga.*, 249 Ga. 62, 65 (1982) (holding that the Medical College of Georgia, as a unit of the

1

("Defendant Joslyn-Gaul") (hereinafter collectively referred hereto as "Defendants"), by and through counsel, Christopher M. Carr, Attorney General of the State of Georgia, without waiving any objections to jurisdiction or venue, and file this Consolidated Motion to Dismiss and Brief in Support. In support of this Motion, Defendants show this Court the following:

## **INTRODUCTION**

Plaintiff brings this action against Defendants for a variety of claims, alleging that his due process rights and contractual rights have been violated, as well as seeking declaratory and injunctive relief. However, as explained below in detail, Plaintiff's Complaint fails as a matter of law and must be dismissed.

*First*, Plaintiff's claim for declaratory relief is barred because the constitutional waiver of sovereign immunity does not apply here. Pursuant to Paragraph V(b)(2) of the Georgia Constitution, declaratory relief may be sought against the State of Georgia in an action brought exclusively against the State of Georgia. Because there is no waiver of sovereign immunity, this Court lacks subject matter jurisdiction, and the **entire action** must be dismissed. *Second*,

---

Board of Regents of the University System of Georgia, is not a legal entity capable of being sued).

because Plaintiff cannot obtain declaratory relief against any defendant, his claim for injunctive relief is also barred by sovereign immunity as a matter of law.

Defendants, therefore, move to dismiss Plaintiff's claims due to lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## PROCEDURAL BACKGROUND

On November 22, 2023, Plaintiff filed this action in the Superior Court of Fulton County. On December 27, 2023, Defendants timely executed and returned waivers of service of summons to Plaintiff. Also, on December 27, 2023, Defendants filed a Notice of Removal of this action to the Northern District of Georgia pursuant to 28 U.S.C. §§ 1441 and 1446. (Doc. 1).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of a complaint where the court lacks subject matter jurisdiction – such as where sovereign immunity bars a claim. "[A] motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) can be based upon either facial or factual challenge to the complaint." *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). When evaluating a complaint under Rule 12(b)(1), the Court should look to the Complaint's factual

allegations and ignore "conclusory allegations or legal characterizations." *Frazer v. IPM Corp. of Brevard*, 767 F. Supp. 2d 1369, 1371-72 (N.D. Ga. 2011) (internal quotation marks omitted).

Under Rule 12(b)(6), a complaint is subject to dismissal if it does not "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In evaluating a motion to dismiss under Rule 12(b)(6), the Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Traylor v. P'ship Title Co., LLC,* 491 F. App'x 988, 989 (11th Cir. 2012). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief, however, requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 55 (2007) (internal punctuation omitted); *also Dusek v. JPMorgan Chase & Co*., 832 F.3d 1243, 1246 (11th Cir. 2016) ("In deciding a Rule 12(b)(6) motion to dismiss…legal conclusions without adequate factual support are entitled to no assumption of truth.") (internal punctuation and citations omitted).

## ARGUMENT AND CITATION TO AUTHORITY

**I.    Plaintiff's Complaint is Barred by Sovereign Immunity.**

Sovereign immunity is established in the Georgia Constitution and bars claims against the State and its departments and agencies except where specifically

4

provided in the Constitution or by the General Assembly. *See Kyle v. Georgia Lottery Corp.*, 200 Ga. 87, 89 (2011). Paragraph IX(e) states:

> Except as specifically provided in this Paragraph, sovereign immunity extends to the state and all of its departments and agencies. The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver.

Ga. Const. Art. I, § II, ¶ IX(e). The doctrine of sovereign immunity provides that the State "cannot be sued in its own courts, or in any other court, without its consent and permission." *Dekalb County School Dist. v. Gold*, 318 Ga. App. 633, 636 (2012). Additionally, the General Assembly has the "exclusive power to waive sovereign immunity for the State." *Georgia Dep't of Natural Res. v. Ctr. for a Sustainable Coast, Inc.*, 294 Ga. 593, 598 (2014).

"Sovereign immunity is not an affirmative defense, going to the merits of the case, but raises the issue of the trial court's subject matter jurisdiction to try the case, and [a] waiver of sovereign immunity must be established by the party seeking to benefit from that waiver." *Coosa Valley Tech. College v. West*, 299 Ga. App. 171, 174 (2009). Georgia courts have repeatedly held that sovereign immunity is a threshold issue. *Murray v. Dept. of Trans.*, 240 Ga. App. 285 (1999). Jurisdiction of a court to afford the relief sought, i.e., subject matter jurisdiction, is a matter that should be decided preliminarily. *See Department of*

*Transportation v. Dupree*, 256 Ga. App. 668, 671 (2002); *Whitlock v. Barrett*, 158 Ga. App. 100, 103 (1981).

The burden of demonstrating a waiver of sovereign immunity rests with the person filing the suit who must bring his or her case within the authority upon which he or she relies. *See Bd. of Regents v. Daniels*, 264 Ga. 328, 329 (1994); *Sherin v. Dep't of Human Res.*, 229 Ga. App. 621, 625 (1997). Once a defendant raises a motion challenging subject matter jurisdiction of the court, "the plaintiff bears the burden to establish that jurisdiction exists." *Douglas County v. Hamilton State Bank*, 340 Ga. App. 801 (2017).

### A. Art. I, § II, Para. V(b)(2) of the Georgia Constitution requires this Court to dismiss Plaintiff's entire lawsuit.

In Count III of his Complaint, Plaintiff asks this Court for declaratory judgment "per the Constitution of the State of Georgia Art. I, § 2, ¶ V Against the State of Georgia." (Compl. p. 16, Paragraphs 32-36). This request is constitutionally impermissible and renders Plaintiff's entire action, not simply the claim or Complaint, defective. Prior to January 1, 2021, sovereign immunity was an absolute bar on all declaratory claims against a state entity. *See generally Olvera v. Univ. Sys. of Ga's Bd. of Regents*, 298 Ga. 425 (2016); *Lathrop v. Deal*, 301 Ga. 408, 444 (2017). In November 2020, Georgia voters approved a

6

constitutional amendment that provided a limited waiver of sovereign immunity for declaratory relief as follows:

> Sovereign immunity is hereby waived for actions in the superior court seeking declaratory relief from acts of the state…outside the scope of lawful authority or in violation of the laws or the Constitution of this state or the Constitution of the United States. Sovereign immunity is further waived so that a court awarding declaratory relief pursuant to this Paragraph may, only after awarding declaratory relief, enjoin such acts to enforce its judgment. Such waiver of sovereign immunity under this Paragraph shall apply to past, current, and prospective acts which occur on or after January 1, 2021.

Ga. Const. art. I, § II, para. V(b)(2). Plaintiff's attempt to seek declaratory relief under this constitutional waiver fails because it was not brought in an exclusive action against the State of Georgia.

Pursuant to Article I, Section II, Paragraph V(b)(2) of the Georgia Constitution, actions seeking declaratory relief against the State, or any of its agencies and departments, must be brought "exclusively against the state and in the name of the State of Georgia." Ga. Const. art. I, § II, para. V(b)(2). That provision further requires that "[a]ctions filed pursuant to this Paragraph naming as a defendant any individual, officer, or entity other than as expressly authorized under this Paragraph *shall be dismissed*." Ga. Const. art. I, § II, para. V(b)(2) (emphasis added). In other words, any "actions" filed pursuant to this section naming any entity other than the State of Georgia "shall be dismissed." *Id*.

"In construing a constitutional provision, the ordinary signification shall be applied to words." *Blum v. Schrader*, 281 Ga. 238 (2006). "Where the natural and reasonable meaning of a constitutional provision is clear and capable of a 'natural and reasonable construction,' courts are not authorized either to read into or read out that which would add or to change its meaning." *SEIU v. Perdue*, 280 Ga. 379 (2006) (*citing Foster v. Brown*, 199 Ga. 444, 460 (1945)). "It is a basic rule of constitutional construction that no provision is presumed to be without meaning and that all of its parts should be construed so as to give a sensible and intelligent effect to each of them." *Blum*, 281 at 241.

Here, the word "action," when read uniformly throughout Paragraph V(b)(2), is understood to mean "case" or "lawsuit." This meaning has been conclusively confirmed by the Georgia Supreme Court in *State v. Sass Group, LLC*, 315 Ga. 893 (2023). In *Sass Group*, the plaintiffs in the underlying action filed suit for declaratory relief against the State of Georgia and a district attorney in her individual capacity in the Superior Court of Fulton County. Defendants subsequently moved to dismiss under sovereign immunity, arguing that the limited waiver found in Paragraph V was not applicable to the case at hand because "both the State of Georgia and the District Attorney were named as defendants…" *Sass*

*Group*, 314 Ga. 895.  The trial court denied defendants' motion to dismiss, which was then appealed to the Georgia Supreme Court.

Upon review, the Georgia Supreme Court determined that the district attorney was an additional named defendant that was not authorized under the waiver of sovereign immunity found in Paragraph V.  A plaintiff desiring to avail himself of the limited waiver provided by Paragraph V "must bring the action 'exclusively against the state and in the name of the State of Georgia,' which forecloses the option of also suing a state actor in his or her individual capacity in that same suit." *Id*. At 903.  The presence of a named defendant to whom Paragraph V's waiver "does not apply is fatal to an 'action' that relies on Paragraph V's waiver of sovereign immunity." *Id*. At 904.

Just as in *Sass Group*, Plaintiff here seeks a declaratory judgment from this Court against the State of Georgia, among several other claims against a host of various defendants. The Georgia Supreme Court has conclusively held that, to qualify for the limited waiver of sovereign immunity for declaratory actions pursuant to Paragraph V(b)(2) of the Georgia Constitution, the lawsuit "shall be brought exclusively against the state and in the name of the State of Georgia." Ga. Const. Art. I, § II, Para. V(b)(2).  This exclusivity is paramount, and "the presence

9

of a named defendant to whom Paragraph V's waiver does not apply is fatal to an "action" that relies on Paragraph V's waiver of sovereign immunity." *Id*. At 905.

Because Plaintiff's Complaint did not seek declaratory relief exclusively against the State of Georgia in a separate suit, as required by the Georgia Constitution, the entire action must be dismissed as a matter of law.

### B. Plaintiff is barred from obtaining injunctive relief.

As shown above, Plaintiff's claim for declaratory relief is barred by sovereign immunity and the entire action must be dismissed as a matter of law. Plaintiff's request for injunctive relief is also barred by sovereign immunity.[2] *See Lathrop v. Deal*, 301 Ga. 408 (2017); *Olvera v. Univ. System of Ga. Board of Regents*, 298 Ga. 425 (2016); *Georgia Dept. of Nat. Resources*, 294 Ga. 593 (2014) ("[W]e find that sovereign immunity bars injunctive relief against the State at common law…"). Under the constitutional waiver of sovereign immunity, a plaintiff can only obtain injunctive relief against the State only if a court first awards declaratory relief, which has not, and cannot, happen here. Ga. Const. art. I, § II, para. V(b)(1). The Georgia Court of Appeals has consistently affirmed that "[t]he General Assembly has enacted no statute waiving sovereign immunity for

---

[2] Plaintiff requests injunctive relief in ¶ 34 and subsection (b) of the Prayer for Relief on p. 17 of the Complaint. (Doc. 1).

equity claims against the state." *Dekalb County Sch. Dist. v. Gold*, 318 Ga. App. 633 (2012) (*quoting Dollar v. Olmstead*, 232 Ga. App. 520, 522 (1998)). Thus, equitable claims against the State are barred by sovereign immunity. *Georgia Emission Testing Co. v. Reheis*, 268 Ga. App. 560, 563 (2004).

Because Plaintiff seeks equitable relief against Defendants and cannot obtain declaratory relief under Paragraph V(b)(1) of the Georgia Constitution, Plaintiff's claim for injunctive relief is barred by sovereign immunity and must be dismissed as a matter of law. *See Ga. Dep't of Natural Res. v. Ctr. for a Sustainable Coast*, 294 Ga. 593 (2014).

## CONCLUSION

For the reasons stated herein, Defendants' request that this Court grant the Motion to Dismiss Plaintiff's action, along with any and all further relief it deems appropriate.

Respectfully submitted, this 3rd day of January, 2024.

|  |  |
|---|---|
| CHRISTOPHER M. CARR<br>Attorney General | 112505 |
| BRYAN K. WEBB<br>Deputy Attorney General | 743580 |
| /s/Katherine P. Stoff<br>KATHERINE P. STOFF<br>Senior Assistant Attorney General | 536807 |

/s/*Kimberly Blue Lewis*
KIMBERLY BLUE LEWIS    451925
Senior Assistant Attorney General

/s/*Zachary Johnson*    972511
ZACHARY JOHNSON
Assistant Attorney General

Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334
(404) 458-3491
kstoff@law.ga.gov
(404) 458-3538
klewis@law.ga.gov
(404) 458-3508
zjohnson@law.ga.gov

Attorney for the Defendants

## LOCAL RULE 7.1(D) CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(C) in 14-point Times New Roman type face.

This 3rd day of January, 2024.

*/s/Kimberly Blue Lewis*
Kimberly Blu. Lewis   451925
Senior Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2024, I caused to be electronically filed the foregoing DEFENDANTS' CONSOLIDATED MOTION TO DISMISS IN LIEU OF ANSWER WITH BRIEF IN SUPPORT with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following counsel of record:

Julie Oinonen
julie@goodgeorgialawyer.com


*/s/Kimberly Blue Lewis*
Kimberly Blue Lewis   451925
Senior Assistant Attorney General


Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334
(404) 458-3538
klewis@law.ga.gov