IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DR. SRINIVAS GARIMELLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 1:23-cv-05979-TWT |
| | ) | |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF GEORGIA; | ) | |
| STATE OF GEORGIA; | ) | |
| GEORGIA INSTITUTE OF | ) | |
| TECHNOLOGY; | ) | |
| PRESIDENT ANGEL CABRERA; | ) | |
| DANETTE JOSLYN-GAUL; and | ) | |
| JANE/JOHN DOES 1-3, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' CONSOLIDATED
SECOND MOTION TO DISMISS IN LIEU OF ANSWER
WITH BRIEF IN SUPPORT**

COME NOW, on behalf of the Board of Regents of the University System of

Georgia ("Regents"), the Georgia Institute of Technology ("Georgia Tech")[1],

President Angel Cabrera ("Defendant Cabrera"), Danette Joslyn-Gaul ("Defendant

---

[1] Georgia Tech is not a proper defendant to this lawsuit as it exists and operates solely as a unit of the Regents.  *See* O.C.G.A. §§ 20-3-31 and 20-3-32; *see also* GA. CONST. 1983, art. VIII, § 4, ¶ 1(b); *McCafferty v. Medical College of Ga.*, 249 Ga. 62, 65 (1982) (holding that the Medical College of Georgia, as a unit of the Board of Regents of the University System of Georgia, is not a legal entity capable of being sued).

1

Joslyn-Gaul") and the State of Georgia (the "State") (hereinafter collectively referred hereto as "Defendants"), by and through counsel, Christopher M. Carr, Attorney General of the State of Georgia, and file this Consolidated Second Motion to Dismiss in Lieu of Answer and Brief in Support.  In support of this Motion, Defendants show this Court the following:

## **INTRODUCTION**

Plaintiff brings this action against Defendants alleging that his due process rights and contractual rights have been violated.  However, as explained below in detail, Plaintiff's First Amended Complaint fails as a matter of law and must be dismissed.

Plaintiff's First Amended Complaint is barred in its entirety because the constitutional waiver of sovereign immunity does not apply here.  Pursuant to Art. I, § II, Paragraph V(b)(2) of the Georgia Constitution, declaratory relief may be sought against the State of Georgia in an action brought exclusively against the State of Georgia.  Because Plaintiff improperly sought declaratory relief against the State of Georgia in his initial complaint, rendering the "action" defective, this Court lacks subject matter jurisdiction, and the entire action must be dismissed under Georgia law.  Plaintiff's withdrawal of the claim in an amended complaint does not resurrect an invalid action.

2

**PROCEDURAL BACKGROUND**

On November 22, 2023, Plaintiff filed this action in the Superior Court of Fulton County, asserting claims for breach of contract, violation of due process, declaratory relief under Paragraph V of the Georgia Constitution, and injunctive relief.  On December 27, 2023, Defendants timely executed and returned waivers of service of summons to Plaintiff.  Also, on December 27, 2023, Defendants filed a Notice of Removal of this action to the Northern District of Georgia pursuant to 28 U.S.C. §§ 1441 and 1446.  (Doc. 1).  Defendants filed a Motion to Dismiss in Lieu of Answer on January 3, 2024.  (Doc. 2).  Plaintiff filed his First Amended Complaint on January 17, 2024.  (Doc. 4).

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of a complaint where the court lacks subject matter jurisdiction – such as where sovereign immunity bars a claim.  "[A] motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) can be based upon either a facial or factual challenge to the complaint."  *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).  When evaluating a complaint under Rule 12(b)(1), the Court should look to the Complaint's factual allegations and ignore "conclusory allegations or legal characterizations."  *Frazer*

*v. IPM Corp. of Brevard*, 767 F. Supp. 2d 1369, 1371-72 (N.D. Ga. 2011) (internal quotation marks omitted).

## ARGUMENT AND CITATION TO AUTHORITY

### Plaintiff's First Amended Complaint is Barred by Sovereign Immunity

Sovereign immunity is established in the Georgia Constitution and bars claims against the State and its departments and agencies except where specifically provided in the Constitution or by the General Assembly. *See Kyle v. Georgia Lottery Corp.*, 200 Ga. 87, 89 (2011). Paragraph IX(e) states:

> Except as specifically provided in this Paragraph, sovereign immunity extends to the state and all of its departments and agencies. The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver.

Ga. Const. Art. I, § II, ¶ IX(e). The doctrine of sovereign immunity provides that the State "cannot be sued in its own courts, or in any other court, without its consent and permission." *Dekalb County School Dist. v. Gold*, 318 Ga. App. 633, 636 (2012). Additionally, the General Assembly has the "exclusive power to waive sovereign immunity for the State." *Georgia Dep't of Natural Res. v. Ctr. for a Sustainable Coast, Inc.*, 294 Ga. 593, 598 (2014).

"Sovereign immunity is not an affirmative defense, going to the merits of the case, but raises the issue of the trial court's subject matter jurisdiction to try the case, and [a] waiver of sovereign immunity must be established by the party

4

seeking to benefit from that waiver." *Coosa Valley Tech. College v. West*, 299 Ga. App. 171, 174 (2009). Georgia courts have repeatedly held that sovereign immunity is a threshold issue. *Murray v. Dept. of Trans.*, 240 Ga. App. 285 (1999). Jurisdiction of a court to afford the relief sought, i.e., subject matter jurisdiction, is a matter that should be decided preliminarily. *See Department of Transportation v. Dupree*, 256 Ga. App. 668, 671 (2002); *Whitlock v. Barrett*, 158 Ga. App. 100, 103 (1981).

The burden of demonstrating a waiver of sovereign immunity rests with the person filing the suit who must bring his or her case within the authority upon which he or she relies. *See Bd. of Regents v. Daniels*, 264 Ga. 328, 329 (1994); *Sherin v. Dep't of Human Res.*, 229 Ga. App. 621, 625 (1997). Once a defendant raises a motion challenging subject matter jurisdiction of the court, "the plaintiff bears the burden to establish that jurisdiction exists." *Douglas County v. Hamilton State Bank*, 340 Ga. App. 801 (2017).

Art. I, § II, Para. V(b)(2) of the Georgia Constitution requires this Court to dismiss Plaintiff's entire lawsuit. In Count III of Plaintiff's initial Complaint, Plaintiff asked this Court for declaratory judgment "per the Constitution of the State of Georgia Art. I, § 2 ¶ V Against the State of Georgia." (Doc. 1, Ex. A p. 16, ¶¶ 32-36). This request was constitutionally impermissible and rendered Plaintiff's entire action defective, not simply the claim in the initial Complaint. As

shown below, the plain language of Paragraph V demands that this lawsuit be dismissed, regardless of Plaintiff's withdrawal of the claim for declaratory relief.[2]

Prior to January 1, 2021, sovereign immunity was an absolute bar on all declaratory claims against a state entity.  *See generally Olvera v. Univ. Sys. of Ga's Bd. of Regents*, 298 Ga. 425 (2016); *Lathrop v. Deal*, 301 Ga. 408, 444 (2017).  In November 2020, Georgia voters approved a constitutional amendment that provided a limited waiver of sovereign immunity for declaratory relief as follows:

> Sovereign immunity is hereby waived for actions in the superior court seeking declaratory relief from acts of the state…outside the scope of lawful authority or in violation of the laws or the Constitution of this state or the Constitution of the United States.  Sovereign immunity is further waived so that a court awarding declaratory relief pursuant to this Paragraph may, only after awarding declaratory relief, enjoin such acts to enforce its judgment.  Such waiver of sovereign immunity under this Paragraph shall apply to past, current, and prospective acts which occur on or after January 1, 2021.

Ga. Const. art. I, § II, para. V(b)(2).  A simple procedure was required by this amendment creating a new waiver of sovereign immunity, a procedure that a plaintiff seeking declaratory relief against the State of Georgia is required to follow.  Plaintiff's attempt to seek declaratory relief under this constitutional waiver failed because it was not brought in an exclusive action against the State of

---

[2] On issues of state law, a federal court is bound by the decision of the state supreme court.  *See Evanston Ins. Co. v. Sandersville R.R. Co,* 799 F.3d 1318, 1322 (11th Cir. 2015); *World Harvest Church, Inc. v. Guideone Mut. Ins. Co*., 586 F.3d 950, 957 (11th Cir. 2009).

Georgia and rendered the *entire action* defective under the plain language of the amendment.

Pursuant to Article I, Section II, Paragraph V(b)(2) of the Georgia Constitution, actions seeking declaratory relief against the State, or any of its agencies and departments, must be brought "exclusively against the state and in the name of the State of Georgia." Ga. Const. art. I, § II, para. V(b)(2).  That provision further requires that "[a]ctions filed pursuant to this Paragraph naming as a defendant any individual, officer, or entity other than as expressly authorized under this Paragraph *shall be dismissed*."  Ga. Const. art. I, § II, para. V(b)(2) (emphasis added).  In other words, any "actions" filed seeking declaratory relief pursuant to this section naming any entity other than the State of Georgia "shall be dismissed." *Id*.

"In construing a constitutional provision, the ordinary signification shall be applied to words." *Blum v. Schrader*, 281 Ga. 238 (2006).  "Where the natural and reasonable meaning of a constitutional provision is clear and capable of a 'natural and reasonable construction,' courts are not authorized either to read into or read out that which would add or to change its meaning." *SEIU v. Perdue*, 280 Ga. 379 (2006) (*citing Foster v. Brown*, 199 Ga. 444, 460 (1945)).  "It is a basic rule of constitutional construction that no provision is presumed to be without meaning

and that all of its parts should be construed so as to give a sensible and intelligent effect to each of them." *Blum*, 281 at 241.

Here, the word "action," when read uniformly throughout Paragraph V(b)(2), is understood to mean "case" or "lawsuit." This meaning has been conclusively confirmed by the Georgia Supreme Court in *State v. Sass Group, LLC*, 315 Ga. 893 (2023). In *Sass Group*, the plaintiffs in the underlying action filed suit for declaratory relief against the State of Georgia and a district attorney in her individual capacity in the Superior Court of Fulton County. Defendants subsequently moved to dismiss under sovereign immunity, arguing that the limited waiver found in Paragraph V was not applicable to the case at hand because "both the State of Georgia and the District Attorney were named as defendants…" *Sass Group*, 314 Ga. 895. The trial court denied defendants' motion to dismiss, which was then appealed to the Georgia Supreme Court.

Upon review, the Georgia Supreme Court determined that the district attorney was an additional named defendant that was not authorized under the waiver of sovereign immunity found in Paragraph V. A plaintiff desiring to avail himself of the limited waiver provided by Paragraph V "must bring the action 'exclusively against the state and in the name of the State of Georgia,' which forecloses the option of also suing a state actor in his or her individual capacity in that same suit." *Id*. At 903. The presence of a named defendant to whom

Paragraph V's waiver "does not apply is fatal to an 'action' that relies on Paragraph V's waiver of sovereign immunity." *Id*. At 904.  When a plaintiff attempts to "avail themselves of Paragraph V's waiver of sovereign immunity in any way – i.e., even for one claim – then it is an action filed pursuant to [Paragraph V]." *Id*. at 897.

"Accordingly, if a lawsuit is filed against the State pursuant to Paragraph V and that suit includes an independent claim against another party not specified in that paragraph's waiver provision, *then the entire lawsuit must be dismissed*." *Id*. (emphasis added).  The Georgia Supreme Court has conclusively held that the exclusivity of Paragraph V is paramount, and "the presence of a named defendant to whom Paragraph V's waiver does not apply is fatal to an "action" that relies on Paragraph V's waiver of sovereign immunity." *Id*. at 905.  The plain language of Paragraph V demands that the action be dismissed.

Just as in *Sass Group*, Plaintiff's first complaint sought declaratory relief under Paragraph V against the State of Georgia, among several other claims against a host of various defendants.  Because Plaintiff's first complaint improperly sought declaratory relief in reliance on Paragraph V's waiver of sovereign immunity, the entire "action" must be dismissed as a matter of law under the plain language of Paragraph V.  Amending the complaint and withdrawing the

9

claim for declaratory relief does nothing to affect the fatal defectiveness of the initial "action" under the Georgia Constitution.

This Court must dismiss the entire action, not simply the claim or amended complaint. Georgia courts have been very clear in noting the harshness of the State's sovereign immunity. *See Bd. of Regents of the Univ. Sys. of Ga. v. Brooks*, 324 Ga. App. 15, 18 (2013) (*citing Pak v. Ga. Dep't of Behavioral Health & Developmental Disabilities* (317 Ga. App. 486, 489) (2012)). Though sovereign immunity may be a harsh doctrine, it is the law. When the Georgia Constitution provides for an exemption of this intentionally harsh doctrine, it must be interpreted narrowly and explicitly. Failure to follow these constitutional requirements have consequences, and in this case, those consequences are dismissal of the entire action.[3]

## CONCLUSION

For the reasons stated herein, Defendants request that this Court grant the Motion to Dismiss Plaintiff's action, along with any and all further relief it deems appropriate.

---

[3] *See Lovell v. Raffensberger*, et al., 2024 Ga. LEXIS 5 (decided January 17, 2024, subject to modification and Court's reconsideration) (affirming dismissal of plaintiff's entire action for failure to comply with Paragraph V(b)(2) by failing to bring an action for declaratory relief exclusively against the State and in the name of the State of Georgia; "actions filed pursuant to Paragraph V must name as a defendant only the State of Georgia…or the action shall be dismissed.").

Respectfully submitted, this 30th day of January, 2024.

| | |
|---|---|
| CHRISTOPHER M. CARR<br>Attorney General | 112505 |
| BRYAN K. WEBB<br>Deputy Attorney General | 743580 |
| */s/Katherine P. Stoff*<br>KATHERINE P. STOFF<br>Senior Assistant Attorney General | 536807 |
| /s/*Kimberly Blue Lewis*<br>KIMBERLY BLUE LEWIS<br>Senior Assistant Attorney General | 451925 |
| */s/Zachary Johnson*<br>ZACHARY JOHNSON<br>Assistant Attorney General | 972511 |

Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334
(404) 458-3491
kstoff@law.ga.gov
(404) 458-3538
klewis@law.ga.gov
(404) 458-3508
zjohnson@law.ga.gov

Attorney for the Defendants

11

## LOCAL RULE 7.1(D) CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(C) in 14-point Times New Roman type face.

This 30th of January, 2024.

/s/*Kimberly Blue Lewis*
KIMBERLY BLUE LEWIS     451925
Senior Assistant Attorney General


*/s/Zachary Johnson*     972511
ZACHARY JOHNSON
Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DR. SRINIVAS GARIMELLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 1:23-cv-05979-TWT |
| | ) | |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF GEORGIA; | ) | |
| STATE OF GEORGIA; | ) | |
| GEORGIA INSTITUTE OF | ) | |
| TECHNOLOGY; | ) | |
| PRESIDENT ANGEL CABRERA; | ) | |
| DANETTE JOSLYN-GAUL; and | ) | |
| JANE/JOHN DOES 1-3, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have served all parties of records with Defendants'

Consolidated Second Motion to Dismiss in Lieu of Answer and Brief in Support by

filing a true and correct copy of the foregoing with the Court's e-filing system.

Dated: January 30, 2024

/s/*Kimberly Blue Lewis*
KIMBERLY BLUE LEWIS          451925
Senior Assistant Attorney General

*/s/Zachary Johnson*          972511
ZACHARY JOHNSON
Assistant Attorney General

13